IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FERNLEY MEADOWS LTD., Plaintiff, | ) | |
| v. | ) | Case No. 06-320C (Senior Judge Hodges) |
| THE UNITED STATES, Defendant. | ) | |

JOINT MOTION FOR A STAY OF PROCEEDINGS

Pursuant to Rules 1 and 7(b) of the Rules of the United States Court of Federal Claims, plaintiff and defendant respectfully request that the Court stay further proceedings in this matter while this case remains in the Court's Alternative Dispute Resolution ("ADR") pilot program.

This case is one of approximately 260 related suits filed in this Court since August 6, 2004. Almost every judge of this Court has been assigned one or more of these cases. Eight of these cases were referred to Judge Horn for ADR pursuant to the Court's ADR pilot program in 2004.[1] Since that time, numerous other cases, including this one, have been referred to Judge Horn pursuant to the ADR pilot program.

The parties in these cases are represented by the same counsel, and the factual allegations and legal issues involved in these cases are similar. Generally, the plaintiffs in these cases allege that they are owners of rural low-income rental apartment projects who entered into loan agreements with the Farmers Home Administration, United States Department of Agriculture,

[1] These cases are: Grass Valley Investment Group I v. United States, No. 04-1284C (Fed. Cl.); Diamond Springs Investment Group II v. United States, No. 04-1302 (Fed. Cl.); Weaverville Investment Group I v. United States, No. 04-1320C (Fed. Cl.); Hollister Investment Group II v. United States, No. 04-1297C (Fed. Cl.); Ramona Investment Group II v. United States, No. 04-1259C (Fed. Cl.); Pixley Investment Group v. United States, No. 04-1315C (Fed. Cl.); Brawley I Investment Group v. United States, No. 04-1287 (Fed. Cl.); and Brawley II Investment Group v. United States, No. 04-1305C (Fed. Cl.).

pursuant to section 515 and 521 of the Housing Act of 1949 (42 U.S.C. §§ 1485, 1490a (1994)), and that the Government has breached these agreements and/or has taken the plaintiffs' property without just compensation as a result of the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, Title II, 101 Stat. 1877 (1988) (codified at 12 U.S.C. § 1715l note (1994)), and the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672 (1992) (codified at 42 U.S.C. § 1472(c) (1994)).

Pursuant to Second Amended General Order No. 40, the parties are required to meet various deadlines in the ADR proceedings, in an effort to explore the possibility of an amicable resolution of the claims that are presently involved in those proceedings. As part of this effort, the parties are also engaged in the exchange of documents and information relating to those claims. In the course of recent ADR sessions before Judge Horn, the attorneys for the parties resolved the principal issues involved in settling these cases, and hope to submit a proposed settlement agreement for final approval by both parties in the near future.

For the parties simultaneously to conduct ADR with respect to some of these cases and litigate the remainder of these cases would be highly inefficient and burdensome for all of the parties, and would not be conducive to fruitful ADR efforts. For this reason, the parties jointly requested, and the Court granted, stays in all of the referenced cases that were filed in 2004. (The one exception – Carpenter v. United States, No. 04-1740C (Fed. Cl.) – was the subject of a motion to dismiss. That motion was denied on February 10, 2006, and the case was subsequently stayed.) Thereafter, no new cases of the same kind were filed until mid-June 2005, at which time more than 40 such cases were filed. Since then, approximately 200 additional cases of this kind, including this case, were filed. The parties have requested or will request a stay not only in

this case, but also in many if not all of the other similar cases. Of the motions to stay that have been filed to date in these cases, all have been granted or are still pending.

The reasons that justified the stay orders previously entered in the above-discussed related cases are equally applicable to this case. A stay of this and other recently-filed related cases would avoid potentially duplicative and unnecessary filings, promote efficiency, and conserve the resources of the parties and the Court.

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion to stay proceedings in this case until 14 days after the conclusion of ADR

Respectfully submitted,

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 236-0160
Facsimile: (612) 236-0179

Jerry W. Snider, Of Counsel
William L. Roberts, Of Counsel
Mark D. Savin, Of Counsel
FAEGRE & BENSON LLP
2200 Wells Fargo Center
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Attorneys for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

Dated: June 22, 2006

**Filed Electronically**
**with the consent of Attorneys for Plaintiff**